IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Forbes, ) | C/A No. 0:24-1054-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| A.S.G.D.C.; Leonardo Brown; Crayman ) | |
| Harvey; Dr. Shaffer; Mr. Pamper, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff David Forbes, a self-represented pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2) (D.S.C.) on Plaintiff's motions for reconsideration of the court's previous order denying him the appointment of counsel. (ECF Nos. 52 & 58.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present requires the court to determine (1) whether the *pro se* litigant has a colorable claim and, (2) considering the type and complexity of the case, whether the *pro se* litigant has the ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296. The United States Court of Appeals for the Fourth Circuit recently held that, when determining whether exceptional circumstances warrant the appointment of counsel, the court should consider such factors as: a litigant's carceral status and, if incarcerated, their ability to litigate while incarcerated; a litigant's lack of general education or knowledge of the law;

the complexity of the case; whether the case turns on witness credibility such that skilled cross-examination would be required; the accessibility of legal materials and evidence; and the litigant's ability to present claims given any physical, mental, and intellectual limitations. Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024).

In his motions, Plaintiff argues generally that he has had difficulties requesting copies of his medical records from the detention center medical department and hospital and in requesting the detention center make copies of his legal documents for filing with the court. (ECF No. 52 at 1-2.) He also alleges that, following a "shake-down," the detention center security staff does not allow the detainees in his housing unit to keep reading material—including legal books—in their possession. (ECF No. 58 at 1-2.) He argues that these circumstances put him at "a clear disadvantage." (ECF No. 52 at 2.)

The court notes that Plaintiff's allegations regarding lack of access to legal materials mirror one of the claims raised in his Amended Complaint and construed by the court, although the context of the claims in his Amended Complaint appear to be based more upon Plaintiff's needing the legal materials in order to defend himself against his criminal charges. Despite his alleged lack of access to legal materials, Plaintiff has adequately framed the legal issues in his case—which do not appear to be complex—and has actively engaged in the discovery process with the defendants. Moreover, the court notes that Plaintiff has complied with the court's directives in providing necessary service documents, has propounded detailed interrogatories and request for production on the defendants, and has timely moved for extensions of deadlines when needed. Indeed, some of Plaintiff's recently served production requests appear to request the very medical records he alleges he thus far been unable to obtain.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would Plaintiff be denied due process if the court denied Plaintiff's request for counsel.  Id.  Based on the pleadings before the court, Plaintiff writes well and appears capable of addressing the legal issues.  Accordingly, Plaintiff's motions requesting the court to reconsider the denial of his appointment of counsel under 28 U.S.C. § 1915(e)(1) are denied.

**IT IS SO ORDERED.**

September 18, 2024
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE