IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION

| | |
|---|---|
| David Forbes, | C/A No. 0:24-cv-1054-JFA |
| Plaintiff, | |
| v. | |
| A.S.G.D.C.; Leonardo Brown; Crayman Harvey; Dr. Shaffer; Mr. Pamper, | **ORDER** |
| Defendants. | |

## I.     **INTRODUCTION**

David Forbes (Plaintiff), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1983, alleging violations of his constitutional rights at Alvin S. Glenn Detention Center (ASGDC). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On December 6, 2025, Defendants filed motions for summary judgment. (ECF Nos. 73 & 74). On April 29, 2025, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that the case be dismissed for Plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA). (ECF No. 93). Plaintiff filed objections to the Report, to which Defendants filed replies. (ECF Nos. 104–106). Therefore, this matter is ripe for review.

## II.  **FACTS**

In late 2022, Plaintiff was arrested and then detained at ASGDC on charges of armed robbery and possession of a weapon during the commission of a violent crime. (ECF No. 73, pg. 2); (ECF No. 73-1, pg. 4). Since his arrival, Plaintiff argues that ASGDC officials deprived him of access to legal materials that are necessary to "understand the crimes" for which he was detained and "aide in his defense." (ECF No. 93, pgs. 1–2). Further, Plaintiff alleges that Defendants have subjected him to unsanitary and unsafe cell conditions, causing him physical harm. *Id.* at 2. Finally, Plaintiff contends that Defendants failed to protect him from a 2023 assault by other detainees. *Id.*

The Magistrate Judge liberally construed Plaintiff's allegations to assert three claims pursuant to 28 U.S.C. § 1983:

(1) Denial of access to legal materials in violation of the First Amendment;

(2) Deliberate indifference to conditions of confinement in violation of the Fourteenth Amendment; and

(3) Deliberate indifference to medical needs in violation of the Fourteenth Amendment.[1]

*Id.*

On December 6, 2025, Defendants filed motions for summary judgment, arguing that Plaintiff's claims failed because he did not adequately exhaust his administrative

---

[1] The Report notes that Plaintiff references an additional claim of denial of access to religious material in violation of the First Amendment. (ECF No. 93, fn. 2).

remedies pursuant to the PLRA. (ECF Nos. 73 & 74). In the alternative, Defendants argued that Plaintiff's claims fail as a matter of law. (ECF Nos. 73 & 74).

On April 4, 2025, the Magistrate Judge issued a thorough Report, recommending that the Court dismiss Plaintiff's claims for failure to exhaust. The Magistrate Judge noted that Defendants provided affidavit testimony indicating that there is no documentation proving that Plaintiff complied with the detention center's grievance procedures. (ECF No. 93, pg. 6). Further, the Magistrate Judge noted that Plaintiff appeared to confuse inmate grievances with inmate requests and questions. *Id.* Finally, the Magistrate Judge observed that Plaintiff failed to rebut Defendants' evidence with evidence of his own. Specifically, the Magistrate Judge cited Plaintiff's *unverified* statements that he filed written grievances prior to the detention center's switch to an electronic filing system in late 2023. *Id.* at fn. 6. Therefore, the Magistrate Judge concluded that "no reasonable jury could find [] that the grievance system was unavailable to Plaintiff such that he was prevented from exhausting his administrative remedies." *Id.* at 8.

### III.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).   A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed.

R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions

to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## IV.   <u>DISCUSSION</u>

In response to the Report, Plaintiff filed five pages of objections, which minimally address the ultimate issue of exhaustion. (ECF No.104). Specifically, Plaintiff restates many of the allegations contained in the complaint, raises an alleged discovery violation, and cites an apparent complaint he made to the Department of Justice's Civil Rights Division. *Id.* at 1–5.

Additionally, Plaintiff reasserted that he submitted grievance forms to ASGDC officials. *Id.* at 3. However, this time, Plaintiff submitted a document styled as an "affidavit" where Plaintiff "being duly sworn" states that he filed grievances with ASGDC officials. (ECF No. 104-1). Defendants argue that the Court should disregard Plaintiff's submission because it is "procedurally and substantively deficient." (ECF No. 106, pg. 3).

The Court acknowledges that Plaintiff's "affidavit" is missing a declaration under penalty of perjury and many other procedural formalities. However, because Plaintiff is proceeding *pro se*, the Court liberally construes Plaintiff's filing as an attestation made under oath and subject to the penalties of perjury. *See Folse v. Hoffman*, 122 F.4th 80, 84 (4th Cir. 2024) ("Trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants.") (quotation omitted). Because Plaintiff labeled his submission as an

affidavit and swore to the veracity of its content, it is clear that the Court should consider it as evidence of his claim.

Accordingly, relying on Plaintiff's submission, there is at least some evidence in the record rebutting Defendants' claim that Plaintiff failed to exhaust his administrative remedies. *See Russel v. Microdyne, Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995) ("The court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (quotation omitted). By attesting to prior submissions of grievance forms, Plaintiff has presented evidence creating a genuine issue of material fact as to the exhaustion of his administrative remedies. Therefore, the Court declines to adopt the Report and refers this matter back to the Magistrate Judge for further consideration of Defendants' summary judgment motion.[2]

## V.    **CONCLUSION**

For the reasons stated above, the Court declines to adopt the Report (ECF No. 93). This matter is therefore recommitted to the Magistrate Judge for further proceedings consistent with this order.

[signature block on the following page]

---

[2] The Court would hasten to note that the Magistrate Judge's recommendation was accurate based on the information and evidence available at the time. However, Plaintiff's objections and new evidence have materially altered the analysis and call for a different conclusion.

IT IS SO ORDERED.

June 25, 2025                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge