IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Forbes,<br><br>                Plaintiff,<br>v.<br><br>A.S.G.D.C.; Leonardo Brown; Crayman Harvey; Dr. Shaffer; Mr. Pamper,<br><br>                Defendants. | C/A No. 0:24-cv-1054-JFA<br><br><br>**ORDER** |

## I.    INTRODUCTION

David Forbes (Plaintiff), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1983, alleging violations of his constitutional rights while detained at Alvin S. Glenn Detention Center (ASGDC). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On December 6, 2025, Defendants filed motions for summary judgment, arguing that Plaintiff's claims failed because he did not adequately exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA). (ECF Nos. 73 & 74). In the alternative, Defendants argued that Plaintiff's claims fail as a matter of law. (ECF Nos. 73 & 74). On April 29, 2025, the Magistrate Judge issued a thorough Report and Recommendation (April Report), recommending that the case be dismissed for Plaintiff's failure to exhaust his administrative remedies pursuant to the PLRA. (ECF No. 93).

Plaintiff filed objections to the April Report, to which Defendants filed replies. (ECF Nos. 104–106). On June 26, 2025, the Court declined to adopt the April Report due to new evidence submitted in Plaintiff's objections. (ECF No. 110). The matter was recommitted back to the Magistrate Judge for adjudication of Defendants' motions on the merits.

On July 22, 2025, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that Defendant's motions for summary judgment be granted. (ECF No. 117). Plaintiff filed objections to the Report. (ECF No. 125). Therefore, this matter is ripe for review.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Report sets forth, in detail, the relevant facts on this matter, and this Court incorporates those facts herein by reference. (ECF No. 117). In late 2022, Plaintiff was arrested and then detained at ASGDC on charges of armed robbery and possession of a weapon during the commission of a violent crime. (ECF No. 73, pg. 2); (ECF No. 73-1, pg. 4). Since his arrival, Plaintiff argues that ASGDC officials deprived him of access to legal materials that are necessary to "understand the crimes" for which he was detained and "aide in his defense." (ECF No. 93, pgs. 1–2). Further, Plaintiff alleges Defendants have subjected him to unsanitary and unsafe cell conditions, causing him physical harm. *Id.* at 2. Plaintiff alleges in December 2022 sewage began to come out of the sink, toilet, and floor drain in his cell dormitory unit, and as a result he contracted a staph infection for which he did not receive proper medical care. (ECF No. 117, p. 2). Further, Plaintiff alleges that in April 2023, a block of the ceiling fell on his head, knocking him unconscious. *Id*.

Finally, Plaintiff contends that Defendants failed to protect him from a 2023 assault by other detainees.[1] *Id.*

The Magistrate Judge liberally construed Plaintiff's allegations to assert three claims pursuant to 28 U.S.C. § 1983:

(1) Denial of access to legal materials in violation of the First Amendment against Defendants Brown and Harvey;

(2) Deliberate indifference to conditions of confinement in violation of the Fourteenth Amendment against Defendants Brown, Harvey, and Pampel;[2] and

(3) Deliberate indifference to medical needs in violation of the Fourteenth Amendment against Defendant Schafer.[3]

*Id.*

The Report recommends Defendant's motion for summary judgment be granted as to Plaintiff's first claim because (i) Plaintiff was temporarily detained in a county facility and thus did not have a constitutional right to a law library; and (ii) even if such right were present, Plaintiff failed to allege any injury or prejudice suffered or likely to be suffered as a result of any alleged inadequate access to legal materials. *Id.* at 5-6. The Magistrate Judge recommends Defendant's motion for summary judgment be granted as to Plaintiff's second

---

[1] Plaintiff raises this claim against individuals whom he did not name as defendants in this action and accordingly, the claims were not construed by the Magistrate Judge in her May 21, 2024, order authorizing service of process of the Amended Complaint. *Id.* at fn. 6.

[2] The correct spelling of this defendant's name is Pampel and will be so referenced herein.

[3] Plaintiff references an additional claim of denial of access to religious materials in violation of the First Amendment. *Id.* at fn. 5. Further note, the correct spelling of this defendant's name is Schafer and will be so referenced herein.

claim because no reasonable jury could find Defendants were deliberately indifferent to Plaintiff's conditions of confinement. *Id.* at 10. Finally, the Magistrate Judge recommends Defendant's motion for summary judgment be granted as to Plaintiff's third claim because no reasonable jury could find Defendant Schafer was deliberately indifferent to Plaintiff's medical needs. *Id.* at 13.

### III.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Where a plaintiff is proceeding *pro se,* a trial court is encouraged to liberally construe his pleadings. *See Folse v. Hoffman,* 122 F.4th 80, 84 (4th Cir. 2024).

**IV.     DISCUSSION**

The Report advises this Court to grant Defendants' motions for summary judgment for all three claims asserted by Plaintiff. The Court liberally construes Plaintiff's objections

to include four specific objections which require a *de novo* review of the specific portions of the Magistrate Judge's Report to which the objection is made.

Objection 1

Plaintiff asserts an objection as to the Magistrate Judge's construction of his claims. (ECF No. 125, p. 1-2). Plaintiff objects to the Magistrate Judge's determination that Plaintiff had only three claims, maintaining he asserted six claims in total. *Id.* Of the "six claims" asserted by Plaintiff, the Magistrate Judge did not construe as raised Plaintiff's allegation that he was denied access to religious materials in violation of the First Amendment. (ECF No. 125, p. 2); (ECF No. 117, fn. 2-3); (ECF No. 28, p.1). Additionally, the Magistrate Judge's construction of the claims did not include Plaintiff's claim of failure to protect stemming from an incident when he was allegedly attacked by other detainees in June 2023 while getting out of the shower. *Id.*

The Court is unpersuaded by Plaintiff's objections as to the Magistrate Judge's construction of the claims. The time for Plaintiff to object to the Magistrate Judge's construction of the claims has passed. The Magistrate Judge made her construction of the claims clear in this action on two occasions. First, on May 21, 2024, the Magistrate Judge issued an order which detailed her construction of the pleadings to include the three above mentioned claims and made exceedingly clear that no other claims were being construed by the court as having been raised by Plaintiff in the action. (ECF No. 28, p. 1). Second, on July 9, 2024, the Magistrate Judge issued an order authorizing service of process in which she made clear "[i]f *any party* disagrees with the court's construction of Plaintiff's

claims, he or she may file an appropriate motion with the court within seven (7) days from the date of this order." (ECF No. 37, p. 1).

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge may, when appropriate, issue a written order stating the decision. Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." *Id.* Where no timely objection is made, the court must only set aside a magistrate judge's determination if it is clearly erroneous or contrary to law. *Id.*

The Magistrate Judge's construction of Plaintiff's claims was made exceedingly clear in prior written orders. (ECF Nos. 28 & 37). Plaintiff failed to make a timely objection to the Magistrate Judge's orders as to the construction of the claims. Therefore, this Court would need to find the Magistrate Judge's determination to be clearly erroneous or contrary to law to find merit in Plaintiff's objection. After a careful review of the record and relevant authority, this Court does not find the Magistrate Judge's construction of the claims to have been clearly erroneous or contrary to law. It is evident the Magistrate Judge, upon reviewing the pleadings, liberally construed Plaintiff's allegations to assert the three above mentioned claims. Accordingly, Plaintiff's objection to the Magistrate Judge's construction of the claims is overruled.[4]

---

[4] Plaintiff also seemingly makes a general objection to the Magistrate Judge's failure to consider a request for relief as to alleged retaliation he has suffered. *See* (ECF No. 115). The Court finds no

Objection 2

Plaintiff further asserts an objection to the Magistrate Judge's determination there is no "issue for trial." (ECF No. 125 p. 3). Specifically, Plaintiff challenges (1) the Magistrate Judge's declining to consider a video he alleges Defendants possess that would "substantiate the claims or some claims in the complaint;" and (2) not considering "affidavits" submitted by Plaintiff as admissible evidence. *Id.*

The Magistrate Judge properly articulated the standard required to succeed on a Fourteenth Amendment claim for deliberate indifference: "a pretrial detainee must show (1) that he was subjected to a condition of confinement that posed a substantial risk of serious harm; (2) that the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) that the defendant knew or should have known that the defendant's inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." (ECF No. 117, p. 8). The Magistrate Judge determined Plaintiff failed to meet the requisite showings required by this standard as to both the alleged incident where sewage seeped into his cell, and where the block of ceiling fell and hit Plaintiff. *Id.*

Plaintiff's objections do not warrant any finding of error in the Magistrate Judge's determination. First, Plaintiff objects to the Magistrate Judge's failure to consider a video Defendants allegedly maintain that would "substantiate the claims or some claims in the

---

error in the Magistrate Judge's denial of the Plaintiff's motion for relief on the grounds the relief sought did not relate to the claims at issue in the lawsuit. (ECF No. 116).

complaint." (ECF No. 125, p. 3). While unclear what this video may contain, such a determination is not required. Plaintiff filed a motion to compel discovery; however, this motion was denied by the Magistrate Judge for its failure to comply with Local Civ. Rules 5.01 and 7.04 (D.S.C.). (ECF Nos. 69 & 70). Plaintiff failed to properly refile this motion to compel and as such any objection as to Defendant's failure to comply with discovery requests has not been preserved for this Court's *de novo* review. When a party does not file a timely objection to a magistrate judge's order on a pretrial matter not dispositive of a party's claim or defense – as is the case with a motion to compel – a court must only set aside a magistrate judge's determination if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Upon reviewing Plaintiff's motion to compel it is clear he failed to include "[r]elevant portions of the discovery material . . ." as required by Local Rule 7.04 (D.S.C.). Accordingly, the Magistrate Judge's denial of Plaintiff's motion to compel was not clearly erroneous or contrary to law.

Second, Plaintiff objects to the Magistrate Judge not considering "affidavits" submitted by Plaintiff as admissible evidence. (ECF No. 125, p. 3). Plaintiff attempts to submit as evidence five "affidavits" from other inmates. (ECF No. 55, pgs. 5-9). The Report notes these documents are neither notarized nor declared under penalty of perjury and therefore do not constitute admissible evidence. (ECF No. 117, fn. 8). Plaintiff nonetheless objects to these "affidavits" not being considered admissible evidence, asserting "[t]he District Court has confirmed that pro-se litigants are not held to the same standards as attorneys and that the affidavits submitted by Plaintiff are acceptable to the

court." (ECF No. 125, p. 4). Where a plaintiff is proceeding *pro se,* a trial court is encouraged to liberally treat procedural errors made. *Folse v. Hoffman,* 122 F.4th 80, 84 (4th Cir. 2024). However, these "affidavits" do not require the court to disregard the rules in their entirety for Plaintiff.

While this Court previously construed an affidavit made by Plaintiff to be admissible despite lacking a declaration under penalty of perjury and other procedural formalities, (ECF No. 110, p. 5), the Court does not find the leeway afforded to *pro se* litigants allows for a similar finding of admissibility for these "affidavits." These "affidavits" differ significantly from the affidavit this Court agreed to accept as admissible in its previous order. (ECF No. 110, p. 5). Importantly, these "affidavits" were made by other inmates, not by Plaintiff himself as was true of the affidavit construed as admissible in this Court's previous order. *Id.* As such, the Court is not convinced there was any error in the Magistrate Judge declining to construe the "affidavits" of the other inmates as admissible. Accordingly, Plaintiff has failed to provide evidence that he was subjected to the alleged sewage conditions of which he complains. (ECF no. 117, pgs. 9-10). Further, Plaintiff has "failed to forecast any evidence that any of the named defendants intentionally, knowingly, or recklessly acted or failed to appropriately address the risk that the ceiling posed." *Id.*

Thus, Plaintiff's objection does not warrant a finding of error in the Magistrate Judge's determination that Plaintiff failed to meet the requisite showings required to succeed on a Fourteenth Amendment claim for deliberate indifference as to the alleged

sewage incident and injury incurred from the falling block of ceiling. Accordingly, Plaintiff's second objection is overruled.

Objection 3

For his third objection, Plaintiff makes a general objection to the Magistrate Judge's determination that Defendants are entitled to summary judgment on Plaintiff's claim regarding denial of access to legal materials in violation of the First Amendment against Defendants Brown and Harvey. Plaintiff argues he attempted to obtain legal materials at the detention center and was informed they were available on tablets and kiosks, but he alleges they in fact were not. (ECF No. 117, p. 4). He alleged that he needed access to these legal materials in order to understand the crimes for which he was being detained for and to aide in his defense. (Am. Compl., ECF No. 15 at 7).

As thoroughly described in the Report, pretrial detainees "have a constitutional right of access to the courts," *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *United States v. Chapman,* 584 F.2d 1358, 1360 (4th Cir. 1978), however, the United States Court of Appeals for the Fourth Circuit has unambiguously held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987). Further, a detainee must allege specific injury resulting from an alleged denial of court access – a prisoner must show specific harm or prejudice from the allegedly denied access. *Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Strickler v. Waters,* 989 F.2d 1375, 1384 (4th Cir. 1993).

Plaintiff's objection simply challenges the Magistrate Judge's ultimate conclusion that, as a pre-trial detainee, Plaintiff does not have a constitutional right of access to a law library. Upon a *de novo* review of the relevant law and the Report, the court finds no error in the Magistrate Judge's determination that Plaintiff, as a pre-trial detainee at the time of the incidents described in the Amended Complaint, did not have a constitutional right to access to a law library. Further, the Court agrees with the Report that Plaintiff failed to show specific harm or prejudice from the allegedly denied access. (ECF No. 117, p. 6). Plaintiff's claim that he was "in need of law and legal advice and knowledge that his public defender could not provide," (ECF No. 125, P. 4), does not satisfy the requirement that a detainee show specific harm or prejudice suffered from an alleged denial of access to a law library. *Weathersbee v. Cheetum*, No. 9:23-05493-HMH-MHC, 2024 WL 1287589 (D.S.C. Feb. 28, 2024), *report and recommendation adopted*, No. 9:23-5493-HMH-MHC, 2024 WL 1287204 (D.S.C. Mar. 26, 2024) ("Significantly, where. . . an inmate is represented by counsel on pending criminal charges, 'he ha[s] no constitutional entitlement to access to an adequate law library or other legal materials.'" (internal citations omitted)). Accordingly, Plaintiff's third objection is overruled.

Objection 4

Plaintiff further seemingly objects to the Magistrate Judge's determination that no reasonable jury could find Defendant Schafer was deliberately indifferent to Plaintiff's medical needs and as such Defendant's motion for summary judgment should be granted as to this matter. (ECF No. 125, p. 6). As thoroughly described in the Report, to establish

a claim for deliberate indifference to a serious medical need, a pretrial detainee must show that: "(1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act appropriately to address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (citations omitted). It is "sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable'[], that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly. *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

Insofar as Plaintiff's objection is not a mere restatement of arguments stated in his complaint, the Court finds no error in the Report. Plaintiff states in his objection that "Plaintiff has shown that his medical condition was worse than a staph infection and that the Defendant ignored Plaintiff's contentious medical complaints." (ECF No. 125, p. 6). Plaintiff alleges he contracted a staph infection from the sewage that allegedly seeped into his cell and alleges he did not receive proper medical care from Defendant Schafer. (ECF No. 117, pgs. 10-13). Defendant Schafer provided a sworn declaration detailing his treatment of Plaintiff. (Schafer Decl., ECF No. 74-1).

Defendant Schafer stated he was informed by a nurse that Plaintiff had a wound above his right knee that appeared to be infected for which he prescribed Bactrim,

Ibuprofen, and a warm compress. *Id.* ¶ 13, at 13. Defendant Schafer declares he saw Plaintiff four days later to examine the wound and provide treatment. *Id.* ¶ 14 at 13. Defendant Schafer declares Plaintiff did not complain of any pain in his right knee during a subsequent appointment on January 5, 2023. *Id.* ¶ 16 at 13. Defendant Schafer further swears Plaintiff's wound healed and that during the course of Plaintiff's medical appointments with Schafer for other medical needs, Schafer did not observe any further sign of infection in the area of the wound. *Id.* ¶ 17-18 at 14. Plaintiff conceded that he received Ibuprofen and ointment for his wound and further provided as exhibits medical records that support Defendant Schafer's sworn declaration. (ECF No. 82-2 at 5, 11).

Plaintiff has provided no evidence to indicate Defendant Schafer's actions were objectively unreasonable sufficient to satisfy the standard required to establish a claim for deliberate indifference to a serious medical need. While Plaintiff objects on the basis the medical condition was worse than attested to by Defendant Schafer, and that Plaintiff believes he should have been seen by a specialist, such a difference of opinion is not sufficient to state a claim for deliberate indifference. *See Wright v. Colins,* 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." (citation omitted)). Accordingly, Plaintiff's fourth objection is overruled.

## V.    CONCLUSION

After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the applicable law, and the record in this case, this Court finds the Magistrate

Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 117). Therefore, Defendants' motions for summary judgment are granted.

IT IS SO ORDERED.

September 2, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge